

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-6821
Re: Whether the Constitutional
Amendment (Art. VI Sec. 2A,
adopted by election August 25,
1945) regarding right of mem-
bers of the Armed Forces to
vote is now in effect, and
related question.

Your request for opinion, which has been considered carefully by this department, asks two questions with reference to the Constitutional Amendment proposed by Senate Joint Resolution No. 7, 49th Legislature, and adopted by election held on August 25, 1945. This Amendment reads as follows:

"Section 2a. Nothing in this Constitution shall be construed to require any person, who at the time of the holding of an election hereinafter referred to is, or who, within eighteen months immediately prior to the time of holding any such election was, a member of the armed forces of the United States or of the Armed Force Reserve of the United States, or of any branch or component part of such armed forces or Armed Force Reserve, or the United States Maritime Service or the United States Merchant marine, and who is otherwise a qualified voter under the laws and Constitution of this state, to pay a poll tax or to hold a receipt for any poll tax assessed against him, as a condition precedent to his right to vote in any election held under the authority of the laws of this state, during the time the United States is engaged in fighting a war, or within one year after the close of the calendar year in which said war is terminated.

"Provided, however, that the foregoing provisions of this section do not confer the right to vote upon any person who is a member of the regular establishment of the United States Army, Navy, or Marine Corps; and provided further, that all persons in the armed forces of the United States, or the component branches thereof, not members of the regular establishment of the United States Army, Navy, or Marine Corps, are hereby declared not to be disqualified from voting by reason of any provision of sub-section 'Fifth' of Section 1, of this Article." (Emphasis ours)

Your first question is:

"1. Is this amendment in effect now, or is it necessary for the Legislature to pass an Enabling Act?"

Article XVII, Section 1 of the Constitution, with respect to the mode of amending the Constitution, provides that:

". . . It shall be the duty of the several returning officers of said election, to open a poll for, and make returns to the Secretary of State, of the number of legal votes cast at said election for and against said amendment; and if more than one be proposed, then the number of votes cast for and against each of them; and if it shall appear from said return, that a majority of the votes cast have been cast in favor of any amendment, the said amendment so receiving a majority of the votes cast shall become a part of the Constitution, and proclamation shall be made by the Governor thereof."

This amendment became a part of the Constitution upon the ascertainment that it had received a majority of the votes cast at the election. Wilson v. State, 15 Tex. Ct. App. Rep. 150; Texas Water & Gas Co. v. City of Cleburne, 21 S. W. 393.

Nothing is now required of the Legislature to effectuate the dictates of this amendment. It is not a mere declaration of policy expressed in broad terms, but is an act complete in and of itself. Stated another way, this amendment is self-enacting.

Honorable George H. Sheppard, page 3

Your second question is:

"2. If this amendment is in effect, should the Tax Assessor and Collector upon request issue a temporary exemption?"

This question must be answered in the negative. The statutes relating to the issuance of exemption certificates (Articles 2968 and 2968a, R. S. 1925) apply only to those persons who are exempt by law from the payment of a poll tax, and this amendment does not exempt anyone from the payment of the poll tax levied by other sections of the Constitution and by the statutes enacted in pursuance thereof. This amendment provides only that the named persons shall not be required to pay a poll tax or to hold a receipt for any poll tax which might have been assessed against them as a condition precedent to their right to vote in the elections specified. These named persons will have the right to vote regardless of whether or not they have paid a poll tax and whether or not they hold a receipt for the payment of any poll tax which has been assessed against them. In other words, this amendment exempts such persons from the provisions of Section 2 of Article VI of the Constitution which require

"that any voter who is subject to pay a poll tax under the laws of the State of Texas shall have paid said tax before offering to vote at any election in this State and hold a receipt showing that said poll tax was paid before the first day of February next preceding such election",

and from the provisions of Article 3004, R. S. 1925, that

"No citizen shall be permitted to vote, unless he first presents to the judge of election his poll tax receipt or certificate of exemption issued to him before the first day of February of the year in which he offers to vote, except as otherwise permitted in this title, unless the same has been lost or mislaid, or left at home, in which event he shall make an affidavit of that fact . . ."

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Arthur L. Moller_

Arthur L. Moller
Assistant

ALM:ddt



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN